ROBERT LAMBDEN *v.* JAMES W. HILL.

A special contract to purchase a specified number of railroad cross-ties of
standard quality and dimensions at a stipulated price per tie, afterwards to
be delivered, if they are then made, and are capable of being seen and ex-
amined by him, is binding on the purchaser, but, if not, then he is not bound
to accept them, or any part of them, unless they are standard and merchant-
able ties worth the price stipulated to be paid for them.

ASSUMPSIT for eighteen hundred railroad cross-ties, eight hun-
dred sawed and one thousand hewed, at forty cents each, bar-
gained and sold by the plaintiff to the defendant.

The proof was, that the defendant had contracted to buy for
the Delaware Railroad Company, from the plaintiff, good white
oak cross-ties, both sawed and hewed, of standard quality and
dimensions, at that price, to be delivered to him on the line of the
railroad; and afterwards, the above-mentioned number of cross-
ties were delivered by him at the place designated, but, as a con-
siderable portion of them were not of the standard quality and
dimensions, or merchantable at the price contracted to be paid
for them, the defendant offered to receive all that were so, and
to pay the stipulated price for them, if the plaintiff would allow
him to cull them, which offer he rejected, and the action was
brought for the whole amount of them.

The counsel for the defendant contended that he contracted to
buy them for a special purpose, and of standard quality and
dimensions, from which the law would imply that they should
be merchantable and suitable for the purpose, and if they were

( 29 )

Lambden v. Hill.

not so, then he was not bound to take them, but might rescind the contract, for he was certainly not bound to accept such of them as were not merchantable at the price promised to be paid for them.

The counsel for the plaintiff replied that the contract was in general terms, as to which the only proof was the statement made by the defendant, that he had bought them of the plaintiff, consisting of eighteen hundred and eighty, at forty cents each, because there was quite a large number of them, but there was nothing said by him for what purpose he had bought them, and there was no further proof as to the terms of the contract between them.

*The Court*, Comegys, C. J., charged the jury, that the contract according to the evidence was for the purchase of a lot of railroad cross-ties, eighteen hundred and eighty in number, at forty cents each, from the plaintiff by the defendant, and if they had then been made, and the defendant had then seen them, or had specially contracted to buy that particular lot of cross-ties at the price stipulated, he was bound to accept them and to pay that price for them when they were tendered to him at the place agreed on. But if they were not then made, or were not then capable of being seen and examined by him, he was not bound to accept them, or any part of them, unless they were standard and merchantable ties, worth that price in the market at the time the contract was entered into.

*Moore* for plaintiff.
*Cullen* for defendant.